**Pro Hac Vice** ***Admission Pending***
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Stapleton,<br><br>Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company, plan insurer and fiduciary,<br><br>Defendant. | Case No. 2:25-CV-03493-GMS<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff's Complaint, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), admits, denies, and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)(1)(B)) but denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff was, at certain times, employed by Centene Management Company ("Centene"). Lincoln admits that Plaintiff was, at certain

times, a participant in the Centene Management Company, LLC Welfare Benefits Plan (the "Plan") sponsored by Centene and that the Plan is an employee welfare benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it issued Group Disability Income Policy Number GF3-840-445197-01 (the "LTD Policy") to Centene, which, at certain times, insured long-term disability ("LTD") benefits from the Plan. Lincoln admits that it issued Group Life Insurance Policy Number SA3-840-445197-01 (the "Life Policy") to Centene, which, at certain times, insured LWOP benefits from the Plan. Lincoln admits it was, at certain times, the claim administrator for LTD and LWOP benefits paid from the Plan under the LTD Policy and the Life Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is authorized to do business in Maricopa County, Arizona. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits it was, at certain times, the claim administrator for LTD and LWOP benefits paid from the Plan under the LTD Policy and the Life Policy.

Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for LTD and LWOP benefits were based on the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and Life Policy were evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy and the Life Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claims for LTD and LWOP benefits and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it is authorized to do business in Maricopa County, Arizona. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that this Court has jurisdiction over this matter. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that this Court has jurisdiction over this matter. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy

or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

## GENERAL ALLEGATIONS

12. Lincoln admits Plaintiff was, at certain times, employed as a Registered Nurse for Centene. Lincoln admits that Plaintiff's last day of work at Centene was December 10, 2021. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff was, at certain times, employed as a Registered Nurse for Centene. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff's last day of work at Centene was December 10, 2021. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff received, at certain times, short term disability benefits from the Plan. Lincoln admits that Plaintiff submitted claims for LTD and LWOP benefits from the Plan under the LTD Policy and the LWOP Policy. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that Plaintiff's last day of work at Centene was December 10, 2021. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies all allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies all allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 seek to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln admits the LTD Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the LTD Policy, but Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent that the allegations contained in Paragraph 25 seek to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence

of its contents. Lincoln admits the LTD Policy includes language pertaining to the definitions of “Disabled” or “Disability” as applicable to a participant's claim for benefits under the LTD Policy, but Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. To the extent that the allegations contained in Paragraph 26 seek to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln admits the LTD Policy includes language pertaining to the definitions of “Substantial and Material Acts” and “Own Occupation” as applicable to a participant's claim for benefits under the LTD Policy, but Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 seek to interpret the Life Policy and the LTD Policy, Lincoln refers to the Life Policy and the LTD Policy themselves as the best evidence of their contents. Lincoln admits the LTD Policy includes language pertaining to the definition of “Any Occupation” as applicable to a participant's claim for LTD benefits under the LTD Policy, but Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln admits the Life Policy includes language pertaining to the definition of “Any Occupation” as applicable to a participant’s claim for WOP benefits under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that the allegations contained in Paragraph 28 seek to interpret the Life Policy, Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln admits the Life Policy includes language pertaining to the definitions of "Disabled" or "Disability," "Any Occupation," and "Material and Substantial Duties" as applicable to a participant's claim for WOP benefits under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent a letter to Plaintiff dated July 13, 2022, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it sent a letter to Plaintiff dated June 12, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it sent letters to Plaintiff dated June 8 and 12, 2024, but refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that the allegations contained in Paragraph 32 seek to interpret the Life Policy, Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies all allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies all allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative

record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits it sent a letter to Plaintiff dated May 9, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits it sent a letter to Plaintiff dated May 9, 2024, but refers to the letter itself as the best evidence of its contents and further admits that Plaintiff repaid Lincoln the overpayment on her claim that was due to her retroactive receipt of SSDI benefits. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it sent a letter to Plaintiff dated June 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln admits only that its decisions on Plaintiff's claim for LTD benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for LTD benefits and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies all allegations contained in Paragraph 50 of the Complaint.

51. To the extent that the allegations contained in Paragraph 51 constitute legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claims for LTD and LWOP benefits and denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits only that its decisions on Plaintiff's claims for LTD and LWOP benefits were based on the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and Life Policy were evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy and the Life Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claims for LTD and LWOP benefits and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that it received a letter from Plaintiff's counsel dated December 5, 2024, along with additional documents, appealing the denial of Plaintiff's claims for LTD and LWOP benefits from the Plan, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that it received a letter from Plaintiff's counsel dated December 5, 2024, along with additional documents, appealing the denial of Plaintiff's claims for LTD and LWOP benefits from the Plan, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that medical treatment and complaints of

Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that it received a letter from Plaintiff's counsel dated December 5, 2024, along with additional documents, appealing the denial of Plaintiff's claims for LTD and LWOP benefits from the Plan, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that it received a letter from Plaintiff's counsel dated December 5, 2024, along with additional documents, appealing the denial of Plaintiff's claims for LTD and LWOP benefits from the Plan, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and the Life Policy were evaluated by

Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that it received a letter from Plaintiff's counsel dated December 5, 2024, along with additional documents, appealing the denial of Plaintiff's claims for LTD and LWOP benefits from the Plan, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits only that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits only that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that it received a letter from Plaintiff's counsel dated March 7, 2025, along with additional documents, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that it received a letter from Plaintiff's counsel dated March 7, 2025, along with additional documents, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that it received a letter from Plaintiff's counsel dated March 6, 2025, along with additional documents, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that it received a letter from Plaintiff's counsel dated April 10, 2025, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits only that its decisions on Plaintiff's claims for LTD and LWOP benefits were based on the administrative record upon which Plaintiff's claims for benefits from the Plan under the LTD Policy and the Life Policy were evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy and the Life Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claims for LTD and LWOP benefits and denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln denies all allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that medical reports and reviews are contained in the administrative record regarding Plaintiff's claims for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Lincoln admits only that its decisions on Plaintiff's claim for LTD benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the LTD Policy was evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln admits only that its decisions on Plaintiff's claim for LTD benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the LTD Policy was evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits it sent letters to Plaintiff's counsel dated June 8, 2024, and April 22, 2025, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln denies the allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of long-term disability benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted

by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

**COUNT I**
**(Recovery of LTD and WOP Plan Benefits)**
**(Defendant Lincoln)**

82. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 81 of the Complaint as though fully set forth in response to Paragraph 82 of the Complaint.

83. Lincoln admits the allegations contained in Paragraph 83 of the Complaint.

84. Lincoln admits that the LTD Policy and the Life Policy state that Missouri is the governing jurisdiction for the Policies. Lincoln denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies the allegations contained in Paragraph 85 of the Complaint.

86. To the extent that the allegations contained in Paragraph 86 seek to interpret the provisions of the Plan, the LTD Policy, or the Life Policy, Lincoln refers to these documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 86 of the Complaint.

87. Lincoln denies the allegations contained in Paragraph 87 of the Complaint.

88. Lincoln denies the allegations contained in Paragraph 88 of the Complaint.

89. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 89 of the Complaint.

90. Lincoln admits it sent a letter to Plaintiff's counsel dated April 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 90 of the Complaint.

91. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's "expectations" and whether such "expectations" were reasonable, and accordingly, Lincoln denies all allegations contained in Paragraph 91 of the Complaint.

92. Lincoln denies all allegations contained in Paragraph 92 of the Complaint.

93. To the extent that the allegations contained in Paragraph 93 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever. Lincoln denies all remaining allegations contained in Paragraph 93 of the Complaint.

94. Lincoln denies all allegations contained in Paragraph 94 of the Complaint.

95. Lincoln denies all allegations contained in Paragraph 95 of the Complaint.

96. Lincoln denies all allegations contained in Paragraph 96 of the Complaint.

97. Lincoln denies all allegations contained in Paragraph 97 of the Complaint.

98. Lincoln admits that Plaintiff received, at certain times, WOP benefits from the Plan. To the extent that the allegations contained in Paragraph 98 seek to interpret the Life Policy, Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 98 of the Complaint.

99. Lincoln denies all allegations contained in Paragraph 99 of the Complaint.

100. Lincoln admits that Plaintiff received, at certain times, WOP benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 100 of the Complaint.

101. Lincoln admits it sent letters to Plaintiff's counsel dated June 8 and 12, 2024, and April 22, 2025, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 101 of the Complaint.

102. Lincoln denies all allegations contained in Paragraph 102 of the Complaint.

103. Lincoln denies all allegations contained in Paragraph 103 of the Complaint.

104. Lincoln denies all allegations contained in Paragraph 104 of the Complaint.

105. Lincoln denies all allegations contained in Paragraph 105 of the Complaint.

106. Lincoln denies all allegations contained in Paragraph 106 of the Complaint.

107. Lincoln denies all allegations contained in Paragraph 107 of the Complaint.

108. Lincoln denies all allegations contained in Paragraph 108 of the Complaint.

109. Lincoln denies all allegations contained in Paragraph 109 of the Complaint.

110. Lincoln denies all allegations contained in Paragraph 110 of the Complaint.

111. Lincoln denies all allegations contained in Paragraph 111 of the Complaint.

112. Lincoln denies all allegations contained in Paragraph 112 of the Complaint.

113. Lincoln denies all allegations contained in Paragraph 113 of the Complaint.

114. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 114 of the Complaint.

115. Lincoln denies all allegations contained in Paragraph 115 of the Complaint.

116. Lincoln denies all allegations contained in Paragraph 116 of the Complaint.

117. Lincoln denies all allegations contained in Paragraph 117 of the Complaint.

118. Lincoln denies all allegations contained in Paragraph 118 of the Complaint.

119. Lincoln denies all allegations contained in Paragraph 119 of the Complaint.

120. Lincoln denies all allegations contained in Paragraph 120 of the Complaint.

121. Lincoln denies all allegations contained in Paragraph 121 of the Complaint.

122. Lincoln denies all allegations contained in Paragraph 122 of the Complaint.

123. To the extent that the allegations contained in Paragraph 123 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever. Lincoln denies all remaining allegations contained in Paragraph 123 of the Complaint.

124. Lincoln denies all allegations contained in Paragraph 124 of the Complaint.

125. To the extent that the allegations contained in Paragraph 125 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever.

126. Lincoln denies all allegations contained in Paragraph 126 of the Complaint.

127. Lincoln denies all allegations contained in Paragraph 127 of the Complaint.

128. Lincoln denies all allegations contained in Paragraph 128 of the Complaint.

129. Lincoln denies all allegations contained in Paragraph 129 of the Complaint.

130. Lincoln denies all allegations contained in Paragraph 130 of the Complaint.

131. Lincoln denies all allegations contained in Paragraph 131 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the LTD Policy and the documents governing the Plan, which require offset and/or repayment of other income including earnings by Plaintiff or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. To the extent that Plaintiff seeks recovery from Lincoln other than past benefits from the Plan or attorneys' fees, such recovery is not permitted under ERISA.

5. Plaintiff has failed to state a claim under 29 USC § 1132(a)(3) upon which relief can be granted in that Plaintiff seeks recovery for the same alleged acts and omissions for which suit is brought under 29 USC § 1132(a)(1)(B).

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 28th day of October 2025.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant The Lincoln National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Erin Ronstadt
erin@sandstonelawgroup.com

Kyle Shelton
kyle@sandstonelawgroup.com

Attorneys for Plaintiff

By: /s/Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.