**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carla Stapleton,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company,<br><br>Defendant. | No. CV-25-03493-PHX-GMS<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Case Management Conference is set for **December 12, 2025 at 11:00 a.m.** To ensure clarity of communication with the Court and accurate transcription by the Court Reporter, the parties shall not use headsets, speaker phones or other apparatus that interferes with a clear transmission. It is each participating lawyer's/party's responsibility to have a clear audio connection. Failure to achieve this will require that the Scheduling Conference be reset with the parties appearing in Court in person. The Court will email the call-in information to counsel/parties prior to the conference date. In preparation for this Case Management Conference, it is hereby ordered as follows:

A. Rule 26(f) Meeting and Joint Case Management Report

The parties are directed to meet and confer at least 10 calendar days before the Scheduling Conference as required by Federal Rule of Civil Procedure 26(f). At this Rule 26(f) Meeting, the parties shall develop a joint Case Management Report which contains the information called for in section B below.

B. Joint Case Management Report.

The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Case Management Report;

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3. A short statement of the nature of the case (3 pages or less);

4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statues[1];

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings).

7. Whether the case is suitable for reference to a United States Management Judge for a settlement conference or trial;

8. The status of related cases pending before other courts or other judges of this Court;

9. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

10. A discussion of any issues relating to claims of privilege or work product (See Rules 16(b)(3), 26(f)(3));

11. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

12. A discussion of necessary discovery that should include:

a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

13. Proposed specific dates for each of the following (deadlines should fall on a **Friday** unless impracticable):

a. Deadline for initial disclosures;

b. Deadline for joining parties and amending pleadings.

c. Deadline for Plaintiff to submit to Defendant any documents he contends should be in the Administrative Record that are not included in the record physically delivered to the plaintiff already and deadline for submission of the Administrative Record to the Court.

d. Deadlines for filing Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief.

e. Oral argument on the briefs.

f. Deadline for engaging in good faith settlement talks.

14. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall jointly file the Case Management Report with the Clerk not less

than seven calendar days before the Scheduling Conference. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) Meeting and preparation of the joint Plan. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the Case Management Report.

C. Case Management Order

The Court directs counsel and any unrepresented parties to Federal Rules of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause.

As a result of the Case Management Conference, the Court will enter a Case Management Order. The form of the Court's standard Case Management Order for ERISA cases can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

D. Other Matters.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2. In addition, in all filings, citations in support of any assertion in the text shall be included in the text, not in footnotes. The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

Dated this 28th day of October, 2025.

G. Murray Snow
Senior United States District Judge