Erin Rose Ronstadt, SBN 028362
Kyle James Shelton, SBN 027379
RONSTADT LAW, PLLC
PO Box 34145
Phoenix, AZ 85067
(602) 615-0050
(602) 761-4443 Fax
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800
Dallas, TX 75252
Phone:(214) 564-9542 Work
iwana@rademaekerslaw.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Carla Stapleton,

Plaintiff,

v.

The Lincoln National Life Insurance Company,

Defendant.

No. CV-25-03493-PHX-GMS

**JOINT CASE MANAGEMENT REPORT**

In accordance with this Court's October 28, 2025 Order (Doc. 10), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Case Management Report, which is set forth below:

**1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Case Management Report**

Attorney Erin Ronstadt on behalf of Plaintiff Carla Stapleton ("Ms. Stapleton" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant")).

**2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes)**

Ms. Stapleton

Lincoln

**3. A short statement of the nature of the case (3 pages or less)**

This is an action regarding an adverse determination of long-term disability ("LTD") and life insurance waiver of premium ("LWOP") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

**Plaintiff:**

Plaintiff Carla Stapleton, a former Registered Nurse, stopped working in December 2021 due to the combined effects of triple-negative breast cancer, bilateral mastectomy with reconstruction, chemotherapy, radiation, recurrent chest-wall nodules, lumbar degenerative disc disease with nerve impingement, chronic pain, and fatigue. Lincoln initially approved and paid LWOP benefits under the Policy's Any Occupation definition for nearly two years. When the LTD definition transitioned from Own Occupation to Any Occupation in June 2024, Lincoln terminated both LTD and LWOP benefits without identifying any medical improvement. Shortly before the termination, the Social Security Administration ("SSA") issued a fully favorable disability decision finding Ms. Stapleton incapable of sustaining full-time work. Plaintiff appealed and submitted extensive medical evidence, including a February 2025 Functional Capacity Evaluation confirming severe functional limitations, but Lincoln upheld its termination on April 22, 2025 based solely on non-examining file reviewers and without meaningfully addressing objective findings or the SSA decision. Plaintiff seeks past-due LTD and LWOP benefits, reinstatement of coverage, and other relief under ERISA § 502(a)(1)(B) as set forth in her Complaint (Doc. 1).

**Defendant:**

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Lincoln for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in the Complaint.

Moreover, the remedies sought for equitable relief are not available under ERISA. Lincoln's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendant denies that it breached any fiduciary or other duty owed to Plaintiff.

**4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statues[1]**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared**

None. All parties have been served.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings)**

Neither party expects to add additional parties or otherwise amend the pleadings at this time but has requested a date of **January 16, 2026,** to amend the pleadings or add additional parties.

**7. Whether the case is suitable for reference to a United States Management Judge for a settlement conference or trial**

The parties intend to engage in settlement discussions and believe there is a possibility the case may settle. The parties do not request referral to a Magistrate Judge for a settlement

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. See 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. See 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

conference at this time. If it becomes necessary, the parties will request a settlement conference or engage in private mediation with a mutually agreeable third-party neutral.

**8. The status of related cases pending before other courts or other judges of this Court**

None.

**9. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3))**

No issues anticipated. Defendant will produce the administrative record in portable document format (pdf). Plaintiff reserves the right to request production of the administrative record in its native format. The parties do not anticipate any issues relating to the preservation, disclosure, or discovery of electronically stored information.

**10. A discussion of any issues relating to claims of privilege or work product (See Rules 16(b)(3), 26(f)(3));**

No issues anticipated.

**11. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case**

The Parties agree that it will not be necessary to issue an order under FRCP 502(d) in this case.

**12. A discussion of necessary discovery which should include:**

**a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

**<u>Plaintiff:</u>**

Ms. Stapleton is entitled to discovery, and the scope and purpose of discovery depends on the applicable standard of review. If the appropriate standard of review is abuse of discretion, then she is entitled to seek discovery if there is a conflict of interest that may have influenced Defendant's decision to terminate her LTD and LWOP claims. *See Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955

(9th Cir. 2006). There is a structural conflict of interest in this case. Ms. Stapleton does not agree discovery is limited to the contents of the administrative record, and she contends the Court may also consider extrinsic evidence regarding conflict of interest generated as a result of discovery. *Abatie* is clear that a district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie* at 970. Courts in this district, including this one, have routinely allowed for discovery into the conflict. *See Mullin v. Scottsdale Health Corp. Long Term Disability Plan* (D. Ariz. Jan. 28, 2016, No. CV-15-01547-PHX-DLR); *see also Wilcox v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2977 (D. Ariz. 2009). The Ninth Circuit has made clear that this Court should allow Plaintiff the right to conduct discovery into the conflict of interest; in fact, should Plaintiff fail to conduct discovery, specifically by failing to take depositions, she could be faulted for her failure to do so. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 903 (9th Cir. Ariz. Aug. 26, 2016) ("Mr. Demer failed as well to develop more powerful evidence [through discovery] that could have established enhanced skepticism in reviewing MetLife's decision."). Once a plaintiff produces evidence that the conflict affected the decision, a rebuttable presumption arises in the plaintiff's favor and the plan bears the burden to prove the conflict had no effect. *Id.* at 902. Discovery is appropriate in this case.

***Defendant:***

The "tiebreaker" language in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (2008) raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Defendant's decisions on Plaintiff's claim. In *Glenn*, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S.Ct. at 2351. Thus, when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for

consideration. Additionally, that discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 130 S.Ct. 1640, 1646 (2010), citing *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

**a. The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case**

The extent of Ms. Stapleton's discovery will be limited to Lincoln's structural conflict of interest in denying both LTD and LWOP benefits. Ms. Stapleton requests to propound limited discovery in the form of interrogatories, requests for production, requests for admission, and depositions. The parties anticipate that, if depositions are needed and permitted by the Court, they will be conducted in Arizona, Connecticut, and California, depending on the location of Defendant's agents. The parties request a deadline for the completion of fact discovery of **<u>Friday, September 11, 2026</u>**, and will bring any disputes to the Court through the Court's ordinary discovery dispute procedures.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

The parties agree to the limitations contained in Fed. R. Civ. P. 26(b), 30, and 33.

**13. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable)**

a. Deadline for initial disclosure: **<u>Friday, December 12, 2025.</u>**

b. Deadline for joining parties and amending pleadings: **<u>Friday, January 16, 2026.</u>**

c. Deadline for Plaintiff to submit to Defendant any documents she contends should be in the Administrative Record that are not included in the record physically delivered to the plaintiff already and deadline for submission of the Administrative Record to the Court: Plaintiff may identify additional documents

to be included in the claim file by **Friday, September 11, 2026**. The parties shall reconcile and file a stipulated record with the Court by **Friday, September 18, 2026**.

d. Deadlines for filing Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief: Plaintiff will file her opening brief by **Friday, October 2, 2026.** Defendant will file its response brief on or before **Friday, November 6, 2026**. Plaintiff will file her reply brief on or before **Friday, December 4, 2026**.

e. Oral argument on the briefs: **Friday, February 5, 2027.**

f. Deadline for engaging in good faith settlement talks: **Friday, February 20, 2026**.

**14. The prospects for settlement, including any request of the Court for assistance in settlement efforts**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, February 20, 2026**. The parties agree that such efforts may be assisted by the utilization of a magistrate judge or private mediation.

**15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1**

None at this time.

RESPECTFULLY SUBMITTED this December 3, 2025.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle James Shelton
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, PC

By: *s/ Iwana Rademaekers*
Iwana Rademaekers
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on December 3, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Erin Ronstadt
erin@sandstonelawgroup.com

Kyle Shelton
kyle@sandstonelawgroup.com
*Attorneys for Plaintiff*

By: */s/ Sandy Acker*
Employee of the Law Offices of
Iwana Rademaekers, P.C.